MAX LICHTENSTEIN and Another, Appellants, *v.* WELLS FARGO & COMPANY EXPRESS, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Carriers — of   goods — negligence — burden   of   proof — contracts — evidence.

> Ordinarily a *prima facie* case of the negligence of a carrier of goods is shown by proof of non-delivery to the consignee.
>
> Under a contract for the shipment of goods c. o. d. defendant agreed to deliver them to a designated consignee upon payment of a certain sum of money and to pay the same over to plaintiffs if the consignee accepted the goods. *Held,* that though the contract was subsequently modified so as to absolve the defendant from liability for loss while the goods were in the consignee's possession, and requiring plaintiffs, in case of loss in the course of transportation, to show negligence, proof of defendant's failure to transmit to plaintiffs either money or the goods, entitled them to recover and a judgment dismissing the complaint without prejudice will be reversed and judgment directed for plaintiffs.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint without prejudice, after trial by the court without a jury.

Appellate Term, First Department, January, 1919. [Vol. 106.

Goldstein & Phillips (Louis Phillips, of counsel), for appellants.

Edward V. Conwell (Edgar R. Kraetzer, of counsel), for respondent.

Mullan, J. The plaintiffs delivered certain merchandise to the defendant, for carriage to a designated consignee, upon a c. o. d. shipping contract, the defendant agreeing to deliver the shipment to the consignee upon payment of $403.25, and to pay over the sum to the plaintiffs if the consignee accepted the goods. Apparently for the reason that the consignee demanded the privilege of inspection before making payment — although there is no proof of this — the shipping agreement was subsequently modified by the following instrument, signed by the plaintiffs:

" Release for Goods C. O. D. With Privilege of Examination and Partial or Total Delivery.

" This is to Certify, and I (or we), the undersigned, have forwarded and expect hereafter to forward by the Wells Fargo & Company Express, various C. O. D. shipments, with the privilege of examination and partial or total delivery, and do hereby authorize and instruct said Company and its connecting carriers to allow the consignee, or consignees, of any such shipments, on depositing with the agent making delivery thereof, amount of C. O. D. bill, to open the same, with or without a representative of said Company or of its connecting carriers being present, examine the contents thereof, and retain and pay for the whole or any part thereof, and repack what shall not be retained. In case the whole thereof shall not be retained, we authorize such agent to refund the consignee the proportionate amount of such bill.

"And in consideration of the acceptance by the said

Company, and its connecting carriers of such shipments, on the conditions named, we do hereby assume all risks of loss or damage which may occur in connection with, or by reason of such opening, examination and repacking of such shipments, and the holding by the agent making delivery of the amount of said C. O. D. bill; and we agree that the said Company and its connecting carriers are not to be held liable or responsible for any loss or damage to said shipments, or any part thereof, from any cause whatever, or any loss or damage occasioned by detention or delay in delivering the same, unless, in every case, the said loss or damage be proved to have occurred from the fraud or gross negligence of said Company, its connecting carriers, or its or their servants, while such shipments were in course of actual transportation, or for any loss of the amount of such C. O. D. bill during such time as the same may be held pending such opening, examination and repacking, said money being so held entirely at our risk.

" *In Witness Whereof* I have hereunto set my hands this twenty fourth day of May, 1918.

" In the presence of                M. LICHTENSTEIN.
        " H. H. MITCHELL."

The defendant conceded that the plaintiffs made out what ordinarily, and apart from the provisions of the so-called " release," would have been a *prima facie* case, by proving that neither the goods nor the money, nor any part of either, was returned or paid over to them by the defendant; but it contends that, because of the conditions contained in that writing, the burden was upon the plaintiffs to show loss occasioned by either the fraud or gross negligence (whatever that may be) of the defendant. There was no proof as to what happened to the goods. The plaintiffs were not

Appellate Term, First Department, January, 1919. [Vol. 106.

allowed by the trial court to give evidence of their efforts to obtain information upon the subject, and the defendant rested without offering any defense, relying wholly upon the " release " offered in evidence by it during the making of the plaintiffs' case.

The defendant's contention is that the " release " made it incumbent upon the plaintiffs to go forward and show that the loss was not caused while the goods were in the consignee's hands, or that it occurred while the goods were in course of transportation, and was due to the defendant's fraud or negligence. We think its claim is untenable. If it desired to take advantage of that part of the release absolving it from liability from loss while the goods were in the consignee's possession, the burden was on it to make proof of the situation that exonerated it. The other or general provision of the release, that relating to loss in course of transportation, merely required the plaintiffs to show negligence, and this plaintiffs sufficiently did by showing the defendant's failure to return the goods or refund the money it was obligated to take from the consignee in case it ultimately delivered the goods to the consignee. Ordinarily, of course, the *prima facie* proof of a carrier's negligence is made by showing non-delivery to the consignee, but here the nature of the shipping contract correspondingly changed the nature of the plaintiffs' essential proof, and this proof they made by showing the defendant's failure to transmit to them either money or goods.

Judgment reversed, with $30 costs, and judgment directed for plaintiffs for $403.25, with appropriate costs in the court below.

GUY and BIJUR, JJ., concur.

Judgment reversed, with thirty dollars costs.